**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-CV-00612-WDM-PAC

STEPHANIE B. PURVIS and
JOHN W. PURVIS, IV,

      Plaintiffs,

v.

TRANS UNION, LLC., a foreign corporation, and
VERIZON WIRELESS, LLC., a foreign corporation

      Defendants

**SCHEDULING ORDER**

**1.  DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

a.     To be held September 7, 2005, at 8:30am.

b.     Counsel for Plaintiffs:
     Rick Wynkoop, Esq.
     Wynkoop & Thomas, P.C.
     4410 Yates St., Denver, CO 80212
     (720) 855-0451

     Robert S. Sola, Esq.
     Robert S. Sola, P.C.
     8835 S.W. Canyon Lane, Suite 130
     Portland OR, 97225
     503-295-6880

875032.1/SP2/83057/0368/090205

c.     Counsel for TRANS UNION LLC and VERIZON WIRELESS, LLC:

Paul L. Myers
M. Kasey Ratliff
Strasburger & Price, LLP
2801 Network Boulevard, Ste. 600
Frisco, TX 75034
469-287-3900
*Counsel for Defendant Trans Union, LLC*

Benton J. Barton
HALL & EVANS, L.L.C.
1125 Seventeenth Street, Suite 600
Denver, CO 80202
303-628-3300
*Local Counsel for Defendant Trans Union, LLC*

Mark W. Williams, Esq.
Christian Hendrickson, Esq.
CAGE WILLIAMS ABELMAN & LEYDEN, P.C.
1433 17th Street
Denver, CO 80202
303-996-5711
*Counsel for Defendant Verizon Wireless, LLC*

## 2. STATEMENT OF CLAIMS AND DEFENSES

a.     Plaintiff(s): Plaintiff Stephanie B. Purvis: Trans Union has reported false credit and personal information concerning Stephanie Purvis since 1999. Stephanie Purvis notified Trans Union that it was reporting false information and asked that it be corrected several times over the last six years. Among the accounts that Stephanie Purvis disputed was a Verizon account which did not belong to her. Trans Union

continued to report false information including the Verizon account. Trans Union failed to comply with the requirements of the Fair Credit Reporting Act, including (1) failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning her, as required by 15 U.S.C. § 1681e(b); (2) failing to comply with the requirements related to disputed information in 15 U.S.C. § 1681i; and (3) failing to comply with the requirements in 15 U.S.C. § 1681b by issuing her credit report in regard to transactions which did not involve her.

Stephanie Purvis claims that Verizon failed to comply 15 U.S.C. § 1681s-(2)(b) because it failed to do a reasonable investigation and failed to tell Trans Union to delete the account from plaintiff's credit report after receiving notice from Trans Union that plaintiff disputed the account as not belonging to her.

Stephanie Purvis seeks her actual damages, punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. § 1681n and § 1681o.

Plaintiff John W. Purvis, IV: Trans Union has reported inaccurate information concerning John Purvis, including accounts that did not belong to him. Trans Union failed to comply with the Fair Credit Reporting Act by failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning John Purvis, as required by 15 U.S.C. § 1681e(b). John Purvis seeks his actual damages, punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. § 1681n and § 1681o.

b.   Defendants: Trans Union: *   Trans Union is a consumer reporting agency, as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. 1681, *et*

*seq*. Trans Union maintains reasonable procedures designed to ensure the maximum possible accuracy of the information it reports. Trans Union accepted information regarding Plaintiffs from reliable sources. Trans Union has investigated Plaintiffs' disputes made with it and timely reported the results of those reinvestigations to Plaintiffs. Trans Union also updated this information contained in Plaintiffs' Trans Union credit file pursuant to those reinvestigations when warranted.

Trans Union is still investigating Plaintiffs' claims and his communications with Trans Union, if any, and, therefore, cannot comment on the factual allegations at this time. Trans Union may reasonably rely upon the state of the public record. Further Trans Union may reasonably rely upon the creditor, the party actually responsible for the reinvestigation under 1681s-2(b). Even if Plaintiffs had suffered any compensable damage, such damage was not caused by Trans Union. Trans Union has not acted with malice or intent to harm Plaintiffs. Trans Union has not acted in reckless or conscious disregard for the rights of Plaintiffs. Plaintiffs' state law claims may be preempted. Some of Plaintiffs' claims or alleged damages may be barred by the applicable statute of limitations. Trans Union's investigation into the facts and circumstances of this case is on-going.

Verizon Wireless: Verizon Wireless is still investigating the facts and claims underlying this dispute, and denies any legal wrongdoing. Verizon Wireless understands any allegedly incorrect information in Ms. Purvis' credit information regarding Verizon Wireless has been corrected.

c.      Other Parties:   Not applicable.

## 3. UNDISPUTED FACTS

Stephanie Purvis received several credit reports from Trans Union over the last six years and contacted Trans Union to dispute information Trans Union was reporting. The parties are still investigating and cannot agree on additional facts at this time. The parties have agreed to attempt to create (and add to) a set of undisputed facts after further inquiry into these matters, and as discovery proceeds.

## 4. COMPUTATION OF DAMAGES

Plaintiffs seek the following categories of damages: denial of credit, increased cost of credit, lost opportunity to receive credit, damage to reputation, loss of financial independence, loss of self esteem, invasion of privacy, emotional distress, and time spent dealing with the credit report errors and the problems caused by those errors. The increased cost of credit is approximately $1,200 per year for 30 years on a mortgage obtained in 2003. The other damages are not subject to computation.

## 5. REPORT OF PRE CONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.      Date of Rule 26(f) meeting: August 12, 2005.

875032.1/SP2/83057/0368/090205

b.      Richard Wynkoop and Robert Sola on behalf of the Plaintiffs.  M. Kasey Ratliff on behalf of the Defendant Trans Union, Mark W. Williams on behalf of Defendant Verizon.

c.      No proposed changes in timing or requirement of disclosures under Fed.  R. Civ. P. 26(a)(1).

d.      Rule 26(a)(1) disclosures will be made on August 31, 2005.

e.      The parties agree to informally exchange documents and engage in settlement negotiations before pursuing formal discovery.

## 6.  CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 7.  CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings: October 31, 2005.

b.      Discovery Cut-off: May 31, 2006.

c.      Dispositive Motion Deadline: June 30, 2006.

d.      Expert Witness Disclosure

(1)     No limitations are proposed on the use or number of expert witnesses at this time.

(2)     The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed.                          R. Civ.  P. 26(a)(2) on or before July 17, 2006.

(4)    The parties shall designate all rebuttal experts and provide

opposing counsel and any pro se party with all information

specified in Fed. R. Civ. P. 26(a)(2) on or before

August 17, 2006.

(5)    Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no

exception to the requirements of the rule will be allowed

by                          stipulation of the parties unless the stipulation is approved

by the                                      court.

e.    Deposition Schedule:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Stephanie Purvis John Purvis | Week of Feb. 6, 2006 Week of Feb. 6, 2006 | | |
| Trans Union 30(b)(6) Representative Trans Union Employees | Week of Feb. 20, 2006 Week of Feb. 20, 2006 | | |
| Verizon 30(b)(6) Representative | Week of Feb. 27, 2006 | | |

| Verizon Employees | Week of Feb. 27, 2006 | | |
|---|---|---|---|
| Any third parties | Week of March 6, 2006 | | |
| Any experts designated | Week of March 13, 2006 | | |

    f.     Interrogatory Schedule:  to commence on December 10, 2005.

    g.     Schedule for Request for Production of Documents:  to commence December 10, 2005.

    h.     Discovery Limitations:

          (1)    No additional limitations are proposed on the number of depositions. Deposition on written questions will not be counted  towards the limit.

          (2)    Depositions will be limited to seven hours in length unless otherwise agreed to by all parties.

          (3)    No additional modifications are proposed on the presumptive numbers of depositions or interrogatories contained in the federal                        rules.

          (4)    No additional limitations are proposed on the number of requests for production of documents and/or requests for admissions.

          (5)    No Other Planning or Discovery Orders at this time.

## 8. SETTLEMENT

The parties have discussed the possibility of settlement or resolution of the case by alternate dispute resolution.  The parties have agreed to exchange documents and then begin settlement discussions.  The parties agree to engage in a settlement conference with a magistrate if they cannot resolve the case in their negotiations.

## 9. OTHER SCHEDULING ISSUES

a.      There are no discovery or scheduling issues at this time, which counsel, after a                 good-faith effort, were unable to reach an agreement.

b.       Trial will be to a jury, and the anticipated length of trial is three days.

## 10. DATES FOR FURTHER CONFERENCES

a.      A settlement conference will be held on_____ at _____ o'clock ___.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( )      *Pro se* parties and attorneys only need be present.

( )      *Pro se* parties, attorneys, and client representatives with authority to settle must be present.  (NOTE: This requirement is not fulfilled by the presence of counsel.  If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

( )   Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues in the case and the party's settlement position.

b.   Status conferences will be held in this case at the following dates and times:

_____

_____

c.   A final pretrial conference will be held in this case on

_____at _____ o'clock ___.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 11. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

## 12.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

**DATED** this _____ day of September 2005.

BY THE COURT:


_____
United States District Court Judge

APPROVED:


_s/Richard B. Wynkoop_
Richard B. Wynkoop
Wynkoop & Thomas, P.C.
4410 Yates Street
Denver, CO 80212
(720) 855-0451
Attorney for Plaintiffs

_s/Robert S. Sola_
Robert S. Sola, Esq.
Robert S. Sola, P.C.
8835 S.W. Canyon Lane, Suite 130
Portland OR, 97225
503-295-6880


_s/Christian H. Hendrickson_____

875032.1/SP2/83057/0368/090205

Mark W. Williams
Christian Hendrickson
CAGE WILLIAMS ABELMAN & LEYDEN, P.C.
1433 17th Street
Denver, CO 80202
303-996-5711
Attorney for Defendant Verizon Wireless, LLC

_____ s/M. Kasey Ratliff
BENTON J. BARTON
CSN:  30760
bartonb@hallevans.com
HALL & EVANS, LLC
1200 Seventeenth Street, Ste 1700
Denver, CO  80202-5800
(303).628.3300
(303).628.3368 (Fax)

and

PAUL L. MYERS
paul.myers@strasburger.com
Texas Bar #14765100
M. KASEY RATLIFF
kasey.ratliff@strasburger.com
Texas Bar #24041751
STRASBURGER & PRICE, LLP
2801 Network Boulevard, Suite 600
Frisco, Texas 75034
(469) 287-3909
(469) 227-6579 (Fax)

**Attorneys for Defendant Trans Union LLC**

## CERTIFICATE OF SERVICE

I, Kris Kirkpatrick, hereby certify that on this 2nd day of September, 2005  true and correct copy of the **SCHEDULING ORDER** was served via email on the above counsel.

s/Kris Kirkpatrick